752 F.2d 1246
 36 Fair Empl.Prac.Cas. 1281,
36 Empl. Prac. Dec. P 34,944
Richard EICHMAN, Plaintiff-Appellee,
v.
LINDEN & SONS, INC., and Frank Garvin, Individually and as
sole stockholder of Linden & Sons, Inc.,
Defendants-Appellants.
 No. 84-1169.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 3, 1984.
Decided Jan. 15, 1985.
 
 Michael K. Havrilesko, Williams & McCarthy, Rockford, Ill., John T. Holmstrom, Jr., Holmstrom & Green, Rockford, Ill., for plaintiff-appellee.
 William B. Powell, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, Ill., for defendants-appellants.
 Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 Appellants Linden & Sons, Inc. and Frank Garvin appeal from the district court's order denying their motion for reimbursement of attorney's fees, which was made after plaintiff-appellee Richard Eichman voluntarily dismissed his employment discrimination complaint against them. We affirm the district court's order.
 
 I. BACKGROUND
 
 2
 On September 4, 1980, plaintiff-appellee Richard Eichman was discharged by defendant-appellant Frank Garvin, president and sole stockholder of defendant-appellant Linden & Sons, Inc. ("Linden"). Eichman had worked for Linden as a bookkeeper/accountant for fourteen years, and was 57 years old at the time of his discharge.
 
 
 3
 Eichman filed timely charges of employment discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.") and the Illinois Department of Human Rights, alleging sex and age discrimination. Eichman alleged that he had been replaced with a younger (approximately age 52) female, that he was paid less than similarly situated females, and that he was required to contribute towards his medical and health insurance while the female employees were not. On March 26, 1981, the E.E.O.C. dismissed Eichman's charge, finding no reasonable cause to believe that the allegations made in his charge were true, and issued him a notice of right to sue. Eichman filed suit against Linden and Frank Garvin in the United States District Court for the Northern District of Illinois on June 24, 1981, alleging violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Secs. 2000e et seq.), the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. Secs. 621 et seq.), and the Equal Pay Act of 1963 (29 U.S.C. Sec. 206(d)).
 
 
 4
 On November 15, 1982, while Eichman's suit was still in the discovery phase, the Illinois Human Rights Commission dismissed Eichman's charges against Linden for lack of substantial evidence. The Commission found that Eichman had not been replaced by the younger female cited in his charge, but rather by a male certified public accountant ("C.P.A."). Eichman was not a C.P.A. In addition, the Commission found that Eichman had not been paid less than similarly situated female employees. It concluded that Eichman was "not discharged because of his sex and/or age."
 
 
 5
 On December 12, 1983, nearly two and a half years after Eichman filed his complaint and after extensive discovery by both parties, Eichman moved to voluntarily dismiss his complaint pursuant to rule 41(a)(2) of the Federal Rules of Civil Procedure. Eichman cited difficulties establishing subject matter jurisdiction and a lack of financial resources as justification for the motion. The district court granted Eichman's motion for voluntary dismissal on December 19, 1983.
 
 
 6
 Linden filed a motion for reimbursement of attorney's fees pursuant to 42 U.S.C. Sec. 2000e-5(k) on December 14, 1983, seeking relief for the more than $29,000 in legal expenses that it had incurred defending itself against Eichman's suit. The district court held a hearing on December 19, and on January 4, 1984, it denied Linden's motion based on its findings that Eichman's claim was based on facts that "could certainly have suggested the possibility of age discrimination" and that his suit was therefore "not frivolous, unreasonable, or groundless." This appeal followed.
 
 II. ANALYSIS
 
 7
 Linden's request for attorney's fees is based upon section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5(k), which provides:
 
 
 8
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs....
 
 
 9
 A prevailing Title VII plaintiff is ordinarily to be awarded attorney's fees under this provision unless special circumstances would make such an award unjust. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). There are two policy reasons for awarding attorney's fees to a prevailing plaintiff: first, a Title VII plaintiff is the chosen instrument of Congress to enforce the civil rights laws in the private sector, and second, an award of attorney's fees to a prevailing plaintiff is made against a violator of federal law. See Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 418, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978). Because these equitable considerations are absent in the case of a prevailing Title VII defendant, the Supreme Court has declared that a prevailing defendant is entitled to attorney's fees only in very narrow circumstances:
 
 
 10
 In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation ... or that the plaintiff continued to litigate after it clearly became so.
 
 
 11
 Christiansburg, 434 U.S. at 421-22, 98 S.Ct. at 700; see also Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983) (prevailing defendant may recover attorney's fees only when suit vexatious, frivolous, or brought to harass or embarrass defendant).[1] This standard adequately deters the bringing of frivolous lawsuits without inhibiting the bringing of meritorious ones. Therefore, assuming that Linden was a prevailing Title VII defendant, it would be entitled to attorney's fees only if Eichman's suit was frivolous, unreasonable, or without foundation, or if Eichman continued to litigate after it clearly became so.
 
 
 12
 The decision whether to award attorney's fees under 42 U.S.C. Sec. 2000e-5(k) is a matter for the sound discretion of the trial judge. See Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1163 (7th Cir.1983); Arnold v. Burger King Corp., 719 F.2d 63, 65-66 (4th Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984). A reviewing court can only reverse the district court's determination, therefore, upon finding an abuse of discretion. See Clark v. Universal Builders, Inc., 706 F.2d 204, 213 (7th Cir.1983); Reichenberger v. Pritchard, 660 F.2d 280, 288 (7th Cir.1981). The district court below expressly found that Eichman's claim was not frivolous, unreasonable, or groundless, and accordingly refused to award attorney's fees to Linden. The sole issue on appeal is whether the district court abused its discretion in so holding.
 
 
 13
 Linden claims that Eichman's suit was frivolous, unreasonable and groundless for three reasons. First, it argues that Eichman's suit was frivolous because he pursued his claims against Linden after they were denied by three separate governmental agencies: the E.E.O.C., the Illinois Department of Human Rights, and the Illinois Department of Labor. See Sek v. Bethlehem Steel Corp., 421 F.Supp. 983, 994 (E.D.Pa.1976) (attorney's fees awarded to prevailing Title VII defendant when plaintiff's claims found baseless by the E.E.O.C. and the state human relations commission); see also Badillo, 717 F.2d at 1163 (award of attorney's fees under Sec. 2000e-5(k) may be proper where plaintiff proceeds in face of unambiguous adverse previous ruling). The E.E.O.C. dismissed Eichman's complaint against Linden on March 26, 1981, finding no reasonable cause to believe that the allegations in his charge were true. The Illinois Human Rights Commission dismissed Eichman's charges against Linden on November 15, 1982, for lack of substantial evidence. The Illinois Department of Labor investigated an unrelated claim for unpaid wages that Eichman had filed against Linden. At the time Eichman filed this suit, therefore, only one administrative agency, the E.E.O.C., had ruled on his discrimination and equal pay complaints.
 
 
 14
 The fact that the E.E.O.C. found no reasonable cause to believe that Eichman's charges were true does not mean that his suit was frivolous. See Bowers v. Kraft Foods Corp., 606 F.2d 816, 818 (8th Cir.1979) (holding that district court abused its discretion in awarding attorney's fees to prevailing Sec. 1981 defendant; although plaintiff's receipt of right-to-sue letter insufficient in itself to overcome district court's finding of frivolity, it could reasonably lead her to believe her claim meritorious). The E.E.O.C. is required by statute to make its determination on reasonable cause "as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge...." 42 U.S.C. Sec. 2000e-5(b) (1982). The E.E.O.C.'s determination of reasonable cause is therefore the result of a somewhat hurried, preliminary administrative investigation. See Georator Corp. v. E.E.O.C., 592 F.2d 765, 768 (4th Cir.1979) (determination of reasonable cause has only procedural, not legal, effect). The Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), rejected the argument that an E.E.O.C. finding of reasonable cause is a jurisdictional prerequisite to the filing of a private Title VII lawsuit. In so doing, the Court refused to "engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts." Id. at 798-99, 93 S.Ct. at 1822. For the same reason, we decline to hold that a plaintiff who files a lawsuit after the E.E.O.C. has found no reasonable cause to believe that the charges are true is presumed to be filing a frivolous lawsuit. To do so would inhibit the bringing of many private Title VII lawsuits, thereby frustrating Congress' desire to encourage the enforcement of Title VII through the private attorney general concept.
 
 
 15
 Although Eichman's claim was not frivolous from the outset merely because the E.E.O.C. had dismissed his charges, it came much closer to being frivolous when Eichman continued to litigate this suit for over a year after the Illinois Human Rights Commission dismissed his complaint on November 15, 1982, expressly finding that he was "not discharged because of his sex and/or age." Eichman contends that the Commission's decision is currently pending review in state court, and thus not a final decision.[2] Linden argues that the decision is not pending review because Eichman failed to appeal from the decision within the 35-day period provided by the Administrative Review Act. Ill.Rev.Stat. ch. 110, Sec. 3-103 (1983). Because neither claim is substantiated by evidence in the record, and because the district court made no findings on this point, we are in no position to evaluate the merits of either party's position. We note only that, at least after Eichman was informed that the Illinois Human Rights Commission was dismissing his complaint, he was on questionable grounds in proceeding with this lawsuit. Although the district court could have found that his suit was frivolous, unreasonable, or without foundation at that point, however, it was not necessarily an abuse of discretion not to.
 
 
 16
 The second reason Linden gives for its contention that Eichman's suit was frivolous is a 1973 agreement between Frank Garvin, Frank's wife Margaret Garvin, and Eichman in which Eichman agreed to resign from his positions as director and secretary-treasurer of Linden. The agreement was executed on January 10, 1973, and provided for the sale of all of Eichman's shares of stock in Linden to the Garvins for $5,000. Although Eichman resigned as a director and officer of the corporation pursuant to that agreement, he continued in Garvin's employ as a bookkeeper/accountant until his discharge in 1980. As Eichman points out, the 1973 agreement only provided that Eichman would resign as a director and officer, not as an employee, of Linden. Therefore, Linden cannot use the 1973 agreement to justify its termination of Eichman's employment in 1980, nor can it argue that Eichman's suit was frivolous because of the agreement.
 
 
 17
 Linden's third and final reason for its assertion that Eichman's suit was frivolous is that there was no jurisdictional basis for either count I (the Title VII claim) or count II (the ADEA claim) of the suit because Linden was not an "employer" under those statutes. Title VII defines an employer as any person having fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. Sec. 2000e(b) (1982). The ADEA defines an employer in essentially identical terms but requires twenty or more employees. 29 U.S.C. Sec. 630(b) (1982). Linden argues that Eichman's suit obviously lacked jurisdiction from the outset and therefore was frivolous, based on Frank Garvin's affidavit stating that Linden employed fifteen or more employees for only seven weeks during calendar year 1979 and two weeks during calendar year 1980, and on Eichman's ultimate decision to voluntarily dismiss his suit because of the difficulty and expense of proving subject matter jurisdiction. We disagree. First of all, even if that argument were valid, only counts I and II of Eichman's suit would be affected, not his claim under the Equal Pay Act. Secondly and more importantly, it was not as obvious as Linden contends that jurisdiction was or was not lacking in this case, as the district court recognized when it denied Linden's motion to dismiss counts I and II for lack of subject matter jurisdiction in March 1982.
 
 
 18
 The major problem Eichman faced in establishing jurisdiction was the nature of Linden's business, which made it difficult to assess how many persons were employed by Linden on any given day during the two calendar years relevant for determining jurisdiction. Linden was a general contractor in the construction business, employing its own workers as well as those of the subcontractors it did business with on a given construction project. The number of employees fluctuated from day to day and project to project. Unfortunately, Linden's records apparently left much to be desired with respect to accurately reporting which subcontractors and how many workers were employed on each construction project on each day during the two year period. Therefore, Eichman faced tremendous difficulties trying to establish statutory jurisdiction, which he complains were compounded by Linden's "uncooperative" discovery tactics. We do not believe that this case presents the sort of obvious jurisdictional deficiency that has been held to make the filing of a lawsuit frivolous. See Werch v. City of Berlin, 673 F.2d 192, 195 (7th Cir.1982) (attorney's fees assessed against Sec. 1983 plaintiff when should have known that well-established circuit law would mandate dismissal of claim for lack of subject matter jurisdiction); Freeman v. Taft Broadcasting Co., 26 Fair Empl.Prac. Cas. (BNA) 632, 633 (N.D.Ala.1978) (attorney's fees assessed against Title VII plaintiff who filed suit more than 90 days after receiving right-to-sue letter).[3]
 
 
 19
 In conclusion, although the district court could arguably have determined that Eichman's suit against Linden was frivolous, we do not believe that it abused its discretion in concluding that it was not.[4] The district court applied the appropriate standard, set forth by the Supreme Court in Christiansburg, in deciding whether to award attorney's fees to Linden. Finding no abuse of discretion, we affirm the district court's denial of Linden's motion for attorney's fees.[5]
 
 
 
 [1]
 Although Hensley involved attorney's fees under 42 U.S.C. Sec. 1988 instead of 42 U.S.C. Sec. 2000e-5(k), the same principles apply. See Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); Reichenberger v. Pritchard, 660 F.2d 280, 288 (7th Cir.1981)
 
 
 [2]
 Although Eichman contends that the Commission's decision is not a final decision of the agency, it must be a final decision in order to be subject to judicial review under the Administrative Review Act. See Ill.Rev.Stat. ch. 110, Sec. 3-103 (1983)
 
 
 [3]
 If efforts had been focused on resolving this jurisdictional problem from the outset, thousands of dollars in legal fees might have been avoided and this case might not be before us today. It appears from the record that Eichman could have reached his conclusion that subject matter jurisdiction would be too difficult and expensive to prove much earlier if the district court had initially limited discovery to the threshold jurisdictional issue and if the parties had conducted their discovery in a more cooperative manner
 
 
 [4]
 In light of our conclusion that the district court did not abuse its discretion in finding that Eichman's suit was not frivolous, we do not address Linden's contention that it should recover attorney's fees from Eichman's counsel as well as from Eichman
 
 
 [5]
 Eichman has asked for attorney's fees on appeal, claiming that the appeal was frivolous and that Linden filed it solely to harass and embarrass him. Because we do not believe that Linden's appeal was frivolous or brought in bad faith, we decline to award him appellate attorney's fees