**Marie R. COTE, Plaintiff, Appellee,**

v.

**JAMES RIVER CORPORATION, Defendant, Appellee.**

**United Brotherhood, Local # 75, Defendant, Appellant.**

**No. 84–2037.**

United States Court of Appeals, First Circuit.

Argued April 3, 1985.

Decided May 6, 1985.

Howard B. Lenow, Boston, Mass., with whom Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C., Boston, Mass., was on brief, for defendant, appellant.

Raymond K. Clement, Groveton, N.H., with whom Patrick T. Hayes, Baker & Hayes and James R. Laffan, Lebanon, N.H., were on brief, for Marie R. Cote.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

The United Brotherhood, Local # 75 (Union), appeals to this court from an order of the United States District Court for the District of New Hampshire denying its motion for attorney's fees and expenses.

Appellee, Marie R. Cote, filed a complaint in January, 1984, against the Union and her former employer, the James River Corporation, alleging causes of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (ADEA) and the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (Title VII). Prior to bringing this action, Cote had filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging illegal discrimination for having been passed over for promotion. The Union was not named as a party in this complaint. After reviewing the complaint in the lawsuit, the Union's counsel notified Cote's attorney that the court had no jurisdiction over the Union in this matter, because it had not been named as a party in her administrative action. When the plaintiff's attorney did not act upon this information, the Union filed a motion requesting that the claim against it be dismissed on these grounds.

Shortly thereafter, at a preliminary pretrial conference held before the magistrate, Cote's counsel, Mr. Hayes, indicated that the Union was being sued not for having itself discriminated on the basis of sex or age, but for having failed to sufficiently help the employee with her complaint against the company. The magistrate suggested to appellee's attorney that a more accurate claim against the Union would be a breach of the duty of fair representation and set a deadline for the plaintiff to amend her complaint. The Union's counsel, at the status conference or immediately thereafter, explained to Hayes that such a claim would be clearly time-barred by the

Supreme Court's ruling in *Del Costello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which requires such actions to be filed within six months of the alleged breach by the Union.[1] The Union proceeded to file another motion to dismiss in response to Cote's amendment to her complaint. This second motion, as was the first, was granted without regard to the substantive merits when the plaintiff failed to file an opposition to the motion.

The trial court found no evidence of harassment, subjective bad faith, or capricious action on the part of the plaintiff. It found that it was not incautious for the local counsel to decide to proceed as recommended by the magistrate. We agree, but only up to a point. Once put on notice that her last possible cause of action, the violation of a duty of fair representation, was time-barred, Cote should have determined whether this was so. "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or *that the plaintiff continued to litigate after it clearly became so.*" *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) (emphasis added). We find that once Cote was alerted to the *Del Costello* decision, it became clear that there were no grounds on which she could prevail. We, therefore, find that after this point, when it became unreasonable to continue litigation, the defendant is entitled to attorney's fees which it *reasonably* incurred in the continuance of its defense. The decision of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

1. That the action was not filed within six months of the alleged breach is undisputed.