**Thomas ADKINS, Plaintiff–Appellee,**

v.

**BRIGGS & STRATTON CORPORATION, Defendant–Appellant.**

No. 98–1463.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1998.

Decided Oct. 23, 1998.

Michael F. Bishop (argued), Kopp, Arena & Bishop, Milwaukee, WI, for Plaintiff–Appellee.

Thomas P. Krukowski (argued), Krukowski & Costello, Milwaukee, WI, for Defendant–Appellant.

Before BAUER, MANION, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

The Briggs & Stratton Corporation fired Thomas Adkins after finding him sleeping at the wheel of his forklift. As it turned out, Adkins may have had a legitimate excuse for dozing off: narcolepsy, a condition characterized by an uncontrollable need for short periods of sleep. But Adkins admitted that the company had no knowledge of the disease when it fired him; in fact, Adkins' narcolepsy wasn't diagnosed until 4 months later. Nevertheless, Adkins sued under the ADA, alleging that the company fired him "because of" his disability.

■ Citing *Hedberg v. Indiana Bell Telephone Co.,* 47 F.3d 928 (7th Cir.1995), the district court found that "[a]s a matter of both logic and law, it is impossible for an employer to take action 'because of' a disability the employer knew nothing about." The court therefore dismissed Adkins' complaint for failure to state a claim. Emboldened by the court's ruling, Briggs & Stratton then moved for attorneys fees. But the district court denied the motion and Briggs & Stratton appeals. We review the denial of a motion for fees for abuse of discretion. See *Eichman v. Linden & Sons, Inc.,* 752 F.2d 1246, 1248 (7th Cir.1985).

■ The ADA gives the district court discretion to award attorneys fees to a "prevailing party." 42 U.S.C. § 12205. Although both employers and employees may "prevail" and therefore recover fees under the Act, the standard for awarding fees to employers is higher: an award of fees to an employer is appropriate only when the suit is brought in bad faith or when it is frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

■ Despite its earlier ruling on the motion to dismiss—and the strong language that the claim defied both logic and law—the district court concluded that Briggs & Stratton was not entitled to fees because Adkins' claim was sufficiently distinguishable from *Hedberg* to save it from being frivolous. We disagree. No matter how you slice it, Adkins' claim was frivolous. *Hedberg*'s lesson is simple and straightforward: "an employer cannot be liable under the ADA for firing an employee when it indisputably had no knowledge of the disability." 47 F.3d at 932. Adkins admitted in his complaint that Briggs & Stratton had no knowledge of his narcolepsy—he himself did not know he had the disease until several months after he was fired. Thus, Adkins had no ADA claim. Period.

■ Briggs & Stratton argues that the district court's ruling on the fees motion was inconsistent with the ruling on the motion to dismiss and we agree. The court cannot adopt one standard of frivolousness for purposes of deciding a motion to dismiss and another standard for purposes of deciding a motion for attorneys fees. Because the court appeared to do just that, we reverse. In ruling on the motion to dismiss, the district court correctly found Adkins' claim to be frivolous (though the court didn't use that exact word); it should have made the same finding in ruling on the attorneys fees motion.

■ But does a frivolous finding necessarily mean that Briggs & Stratton is entitled to fees? In a word: no.

Nothing in § 12205 suggests that the court **must** award fees to a party defending against a frivolous claim; indeed, the statute expressly states that the court **"in its discretion may** allow the prevailing party ... a reasonable attorney's fee ..." (emphasis added). Similarly, *Christiansburg* counsels that fees are **appropriate**—not mandatory—when a claim is frivolous. In exercising its discretion, the court is free to weigh equitable considerations (including the employee's ability to pay) and to award a nominal fee—or even no fee—if the court, for acceptable

reasons, deems it appropriate. Certainly the court need not award the full amount requested, even if the fee request is reasonable. A district court cannot, however, backpedal from a frivolous finding on a motion to dismiss to avoid imposing fees. Accordingly, we reverse the order denying costs and remand the case to the distinguished and experienced district judge for further proceedings consistent with this opinion.