Jason BERCOVITCH, et al.,
Plaintiffs, Appellees,

v.

BALDWIN SCHOOL, INC., et al.,
Defendants, Appellants.

No. 98–2281.

United States Court of Appeals,
First Circuit.

Submitted Aug. 16, 1999.
Decided Aug. 30, 1999.

Nathan Z. Dershowitz, Amy Adelson, and Dershowitz & Eiger, P.C. on brief for appellees.

Alfredo Fernandez–Martinez, Maria Eugenia Rodriguez–Lopez, and Delgado–Cadilla, Fernandez–Martinez & Rodriguez–Lopez, LLP on brief for appellants.

Before STAHL, Circuit Judge, GIBSON, Senior Circuit Judge,* and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

The Baldwin School, a private school, was sued in March 1997 by parents trying to block their son's indefinite suspension from school for repeated disciplinary violations. The suit was brought under the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12182 et seq., the

* Of the Eighth Circuit, sitting by designation.

Federal Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and Puerto Rican law. The district court issued a preliminary injunction, which kept the student in school for the remainder of his sixth grade year, and then issued another order requiring the school to re-enroll the student for the next school year. The school appealed.

This court, addressing the issue for the first time under the ADA, held that the court erred in failing to enforce an arbitration agreement between the parents and the school. *See Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 147–51 (1st Cir.1998). We also held that the preliminary injunction could not be justified as one maintaining the status quo pending arbitration because the plaintiffs had not demonstrated a probability of success on the merits. *See id.* at 151–56. We ordered the case to arbitration and vacated the injunction, but stayed the mandate for a period to allow the parents to find a new school for their son. *See id.* at 156. On remand, the district court ordered the case dismissed.

The school, asserting it was the prevailing party, then sought attorney's fees against the parents. The district court denied the motion and that claim for attorney's fees is the subject of this appeal. The plaintiffs' brief accurately describes the relations between the parties as "strained and contentious"; sadly, in this appeal, as in the first, "[t]he parties have engaged in a battle of blaming." *Bercovitch*, 133 F.3d at 147.

■ The appeal raises two issues; the only one of pure law has not yet been addressed by this court. The novel issue concerns what standard should be applied in determining whether attorney's fees should be awarded to a prevailing *defendant* in a case under the ADA and the corollary Rehabilitation Act. The district court concluded that the standard established by this court for prevailing defen-

dants in civil rights actions under 42 U.S.C. § 1988 should apply here. The § 1988 standard is as follows:

> In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, a prevailing defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable.

*Casa Marie Hogar Geriatrico, Inc. v. Rivera–Santos*, 38 F.3d 615, 618 (1st Cir.1994) (citations omitted). Prevailing defendants, under this heightened standard, have a more difficult showing to make to obtain attorney's fees than do successful plaintiffs.

■ The second issue on appeal is whether it was an abuse of discretion for the district court to conclude that the defendants were not entitled to fees. The district court abused its discretion if it applied an incorrect standard of law, ignored a factor, or made a serious mistake in weighing the relevant factors. *See I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 33 (1st Cir.1998).

■ Under the American Rule, attorney's fees may be granted only if the relevant statute provides for such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The ADA provides for the award of attorney's fees:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

42 U.S.C. § 12205; *accord* 28 C.F.R. § 36.505. The Rehabilitation Act also provides for the award of attorney's fees:

> In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

29 U.S.C. § 794a(b).

■ The school makes two arguments regarding the availability of attorney's fees: first, that the text of the statutes "mandate[ ]" an award of fees to the prevailing party and, second, that the heightened standard required to award fees to a prevailing defendant in a civil rights action under § 1988 is not applicable to the ADA. The first argument is refuted by the text of the ADA: fees "may" be awarded at the "discretion" of the court.

■ The school's second argument—that under the ADA the same standard applies for awarding attorney's fees to successful defendants as applies to successful plaintiffs—fails as well. The school relies on the fact that the text of the ADA does not draw a distinction between prevailing plaintiffs and prevailing defendants. That is true. Nonetheless, courts have interpreted various attorney's fees statutes in light of their congressional purposes and those judge-made rules cannot be ignored. The Supreme Court has held in a Title VII employment discrimination case that attorney's fees may not be awarded to a prevailing defendant unless there is a "finding that the plaintiff's action was frivolous, unreasonable, or without foundation" or that "plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The Supreme Court has applied the same rule in actions brought under 42 U.S.C. § 1983, as to which fees are awarded under 42 U.S.C. § 1988. *See Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). A successful defendant is in a different posture than a successful plaintiff. A successful plaintiff vindicates an important congressional policy and is awarded fees "against a violator of [federal] law." *Id.* at 418, 98 S.Ct. 694. Neither is true of a successful defendant. As we

noted in a case under Title VII and § 1988, "decisions to grant defendants their fees are, and should be, rare." *Tang v. Rhode Island, Dep't of Elderly Affairs,* 163 F.3d 7, 13 (1st Cir.1998).

We hold that attorney's fees may not be awarded to a prevailing defendant under the ADA unless the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so. The same standard applies to claims under the Rehabilitation Act, given that the language is virtually identical. When Congress adopted the language of the ADA as to attorney's fees in 1990, it was aware of the *Christiansburg* rule and its extension to § 1988 actions in *Hughes*.[1] The ADA's language on attorney's fees is, in relevant part, identical to that of § 1988. The choice was deliberate, and so we import the *Christiansburg* test into the language of the ADA. Even if we were unaware of congressional sentiment on this matter, moreover, we would agree with Felix Frankfurter who wrote more than a half-century ago, "if a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." Felix Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum. L.Rev. 527, 537 (1947).[2]

Creating a different standard for ADA cases would break the commonly used analogy between the ADA and those other causes of action arising in the discrimination and civil rights areas. The ADA itself incorporates the procedures and enforcement mechanisms of Title VII. *See* 42 U.S.C. § 12117(a). And we have looked to Title VII cases for guidance interpreting the ADA. *See Soileau v. Guilford of Maine, Inc.,* 105 F.3d 12, 16 (1st Cir.1997). Other than pointing to the fact that the ADA statutory language does not draw a distinction between plaintiffs and defendants, the school offers no reason why the strong analogy between the ADA and other civil rights statutes should be broken here or why we should ignore the clear congressional intent.

■■ The district court used the correct legal standard in assessing the claim for attorney's fees. No serious argument can be made that the parents' action was

---

**1.** The House Judiciary Committee Report on the ADA states:

Section 505 [codified at 42 U.S.C. § 12205] provides that courts or agencies may award attorney's fees including litigation expenses, and costs to a prevailing party for actions brought under the ADA. The Committee intends that the attorney's fee provision be interpreted in a manner consistent with the Civil Rights Attorney's Fees Act, including that statute's definition of prevailing party, as construed by the Supreme Court.

H.R. Doc. No. 101–485(III), at 73 (1990), U.S. Code Cong. & Admin. News at 445, 496 (citing *Christiansburg* and *Hughes* ). The House Education and Labor Committee felt likewise. Its Report on the ADA states: "It is intended that the term 'prevailing party' be interpreted consistently with other civil rights laws. Plaintiffs should not be assessed opponents' attorneys' fees unless a court finds the plaintiff's claim is 'frivolous, unreasonable, or groundless.' " H.R. Doc. No. 101–485(II), at 140 (1990), U.S. Code Cong. & Admin. News st 303, 423 (quoting *Christiansburg* ).

**2.** Our holding corresponds with the conclusions reached by several other circuits. *See Adkins v. Briggs & Stratton Corp.,* 159 F.3d 306, 307 (7th Cir.1998) (applying *Christiansburg* to 42 U.S.C. § 12205); *Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1154 (9th Cir.1997) (same); *cf. LaChance v. Duffy's Draft House, Inc.,* 146 F.3d 832, 838 (11th Cir.1998) (applying the standard in *Christiansburg* to a Rule 38 motion in an ADA case). Nor is our method of analysis unusual. *See Pottgen v. Missouri State High Sch. Activities Ass'n,* 103 F.3d 720, 723 (8th Cir.1997) ("We hold that the same framework applies to determinations of prevailing party status under 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b) [as under 42 U.S.C. § 1988]."); *Homeward Bound, Inc. v. Hissom Mem'l Ctr.,* 963 F.2d 1352, 1354 n. 1 (10th Cir.1992) (applying the same standard for awarding attorney's fees to plaintiffs under the Rehabilitation Act as under § 1988 because "the language of th[e] statute[s] is identical"); *Jones v. Illinois Dep't of Rehabilitation Servs.,* 689 F.2d 724, 730 n. 8 (7th Cir.1982) ("Section 794a fee awards are governed by the same considerations controlling in § 1988 actions.").

frivolous, unreasonable, or without foundation at the time suit was brought or continued. As we noted in our earlier opinion, several of the issues raised by the plaintiffs' complaint were of first impression. *See Bercovitch,* 133 F.3d at 143. The school's brief mainly focuses on its own actions and its belief that it went more than the extra mile to accommodate a very troubled young man who posed enormous discipline problems. While the school may have viewed the bringing of the lawsuit as abusive, such subjective views are beside the point. The district court's conclusion that the standard for awarding attorney's fees to a prevailing defendant had not been met was amply justified. Even had the parents' lawsuit been groundless when brought or continued, the district court "still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Tang,* 163 F.3d at 15.

The Supreme Court has noted the dangers inherent in parties continuing to battle each other in litigation over attorney's fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). It is time for these parties to leave the battlefield.

*Affirmed.* Costs to appellees.