Donato v. McCarthy, et al.          CV-99-344-B     11/18/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sandra Donato

          v.                              Civil No. 99-344-B

Sheilah McCarthy, Esq., et al.


O R D E R

I grant defendants' motion to dismiss Sandra Donato's claims against the Union defendants and remand her claim against Sheilah F. McCarthy for the following reasons.

First, a state law claim that depends upon the meaning of a collective bargaining agreement is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. See BIW Deceived v. Local S6, Indust. Union of Marine and Shipbuilding Workers of Am., 132 F.3d 824, 829-30 (1st Cir. 1997). Complete preemption also results when a claim "though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation." Id. at 832. Further, whenever preemption pursuant to either § 301 of the LMRA or the duty of fair representation is warranted, removal is justified because the claims are deemed to arise under federal law even though they purport to allege state law causes of

action.  See id. at 831-32 Although Donato argues that her causes of action against the Union defendants are based on state law, she cites no authority to support her claim that the Union defendants owe her any duty based upon state law that survives the preemptive effect of § 301 of the LMRA and the duty of fair representation.  Accordingly, Donato's state law claims against the Union defendants must be dismissed.

Second, to the extent that Donato purports to assert federal claims against the Union defendants based upon the duty of fair representation, her claims must be dismissed both because they are barred by the applicable statute of limitations and because she has failed to plead essential elements of a fair represen-tation claim.  If Donato had a fair representation claim against any of the Union defendants, her claim would be subject to a six-month statute of limitations that began to run when the arbitrator denied her grievance.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983); Cote v. Janes River Corp., 761 F.2d 60, 61 (1st Cir. 1985).  It is undisputed that Donato did not file her lawsuit until nearly three years after the arbitrator dismissed her grievance.  Even if I accept as true Donato's claim that the Union defendants and her attorney fraudulently concealed her fair representation claim, her argument that defendants' fraudulent concealment tolls the

-2-

running of the statute of limitations fails because she has not alleged facts that would support a conclusion that she exercised reasonable diligence in failing to discover her cause of action sooner.  See Demars v. Gen. Dynamics Corp., 779 F.2d 95, 98-99 (1st Cir. 1985).  Accordingly, her fair representation claims are barred by the statute of limitations.

Even if Donato's fair representation claims were not time barred, they would have to be dismissed because Donato has failed to allege conduct that would support a breach of the duty of fair representation.  Mere negligence of the type Donato cites in support of her claim will not support a fair representation claim.  See United Steelworkers of Am. v. Rawson, 495 U.S. 362, 376 (1990); Miller v. United States Postal Serv., 985 F.2d 9, 12 (1st Cir. 1993).  Accordingly, I decline to construe Donato's claims against the Union as stating claims for breach of the duty of fair representation.[1]

_____

[1]  Donato does not assert a claim based on § 301 of the LMRA.  Therefore, I need not consider the viability of any such claim.

Third, Donato's state law negligence claim against McCarthy is not preempted by either § 301 of the LMRA or the federal law duty of fair representation.  See <u>Aragon v. Federated Dept. Stores, Inc.</u>, 750 F.2d 1447, 1457 (9th Cir. 1985); <u>Niezbecki v. Eisner & Hubbard, P.C.</u>, No. 98-cv-5938 1999 WL 144513 (S.D.N.Y. 1999); <u>Piper v. Yamaha Corp. of America</u>, No. 4:90-cv-69, 1992 WL 21199, at *6 (W.D. Mich. Jan. 13, 1992).  While McCarthy may well be immune from liability for damages based on § 301(b), <u>see</u> <u>Montplaisir v. Leighton</u>, 875 F.2d 1, 4 (1st Cir. 1989); <u>Peterson v. Kennedy</u>, 771 F.2d 1244, 1256-61 (9th Cir. 1985), the existence of a federal immunity defense does not make Donato's claim against McCarthy a claim arising under federal law.  As Donato's claim against McCarthy is based on state law and I have dismissed her federal claims, I decline to retain jurisdiction over her remaining claim and remand it to state court.  See <u>Camelio v. American Fed'n</u>, 137 F.3d 666, 672 (1st Cir. 1998).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

November 18, 1999

cc:  Robert V. Johnson, Esq.
     Tod Cochran, Esq.
     R. Matthew Cairns, Esq.