<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 99-1553

                     DELCIO RIVERA-ROSARIO,

                     Plaintiff, Appellant,

                               v.

               U.S. DEPARTMENT OF AGRICULTURE,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

       [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

                             Before

                    Torruella, Chief Judge,
              Boudin and Lynch, Circuit Judges.
                                
                                
                                
                                
 Demetrio Fernndez and Melva A. Quintana on brief for
appellant.
 Guillermo Gil, United States Attorney, and Fidel A. Sevillano
Del Ro, Assistant U.S. Attorney, on brief for appellee.
  

January 24, 2000

         LYNCH, Circuit Judge.  This is an appeal from a denial
of an award of attorney's fees under 42 U.S.C.  1988.  The
district court refused to award fees to plaintiff, who opted out of
a settlement, continued litigation, and then received damages
calculated according to the same formula used in the earlier
settlement.  The history of the case is set forth in Rivera-Rosario
v. U.S. Department of Agriculture, 151 F.3d 34 (1st Cir. 1998).
         In 1986, eight individuals including Rivera-Rosario
(Rivera) brought an employment discrimination action against the
U.S. Department of Agriculture (USDA) and the Secretary of
Agriculture for national origin discrimination in the payment of
benefits.  Ayala v. U.S. Dep't of Agric., Civil No. 86-1825CC  
(D.P.R.).  In 1988, the USDA adopted an administrative law judge's
finding that it had discriminated.  On May 6, 1991, a Stipulation
for Consent Judgment was entered between the USDA and the seven
plaintiffs other than Rivera.  Under that settlement: (a) each of
the seven plaintiffs would receive $10,000 for the period 1982-1988
(and three of the plaintiffs would receive interest); (b) the caps
for accrued home leave benefits and annual leave would remain as
they were; (c) the remedy for future home leave would be
prospective; and (d) defendants would pay $31,433.52 in fees for
counsel for the seven (who had also been counsel for Rivera).  
Rivera chose not to participate in the settlement.
         In August 1992, Rivera executed a stipulation of
dismissal, dismissing his own case without prejudice.  See id. at
36.  He brought a new action pro se in April 1993 to recover for
the same national origin discrimination.  See id.  Counsel entered
an appearance for Rivera in September 1993.  The district court
determined that damages would be calculated according to the
procedure set out in its order in the Ayala case.  Based on those
principles, the court awarded Rivera $21,448.50, which included
principal and interest to May 6, 1991, the date of the earlier
settlement.  The district judge rejected Rivera's argument that the
two year back-pay period of Title VII, 42 U.S.C.  2000e-5(g)(1),
did not apply.  If he were freed of that constraint, Rivera said,
he would then be owed $113,864.60.  This court then deemed his back
pay argument waived because it was not briefed, and affirmed the
district court's order.  See Rivera-Rosario, 151 F.3d at 36-38.   
         Having been awarded the $21,448.50, Rivera then sought
attorney's fees in the amount of $38,150 for the action brought in
1993.  The fees were denied.  The district court found the
$21,448.50 awarded was what Rivera would have received had he
accepted the 1991 settlement; accordingly, he was not a prevailing
party.  Further, the court found that the litigation was frivolous,
but it did not award fees against Rivera, as it might have.
         In order to obtain attorney's fees under 42 U.S.C.
1988, plaintiff must be a prevailing party.  See 42 U.S.C.
1988(b).  On appeal, Rivera claims that he did prevail: he
received $21,448.50 and not $10,000, and he received an enforceable
judgment.  He also says he received a prospective benefit not
available before.  In light of this, Rivera argues the district
court committed error of law in refusing to award him any
attorney's fees.  Rivera argues that the district court, under
Farrar v. Hobby, 506 U.S. 103 (1992), could consider the degree of
success in determining the size of the fee but not as to the
eligibility for a fee award at all.  Fees must be awarded unless
there are special circumstances rendering an award unjust, Rivera
says, and that may only be done on findings of fact and conclusions
of law.
         The USDA says Rivera is not a prevailing party because
there is no causal relationship between his post-1991 pursuit of
his suit and the amount he obtained.  The USDA points to the fact
that Rivera's $21,448.50 total award was calculated by applying to
his claim the same principles used to calculate the awards of the
seven plaintiffs who settled in 1991.
         Questions of law regarding the award of attorney's fees
are reviewed de novo; otherwise, the decision on the award is
reviewed with deference and will be reversed only for an abuse of
discretion.  See Schneider v. Colegio de Abogados de Puerto Rico,
187 F.3d 30, 32 (1st Cir. 1999) (per curiam); see also Bercovitch
v. Baldwin Sch., Inc., 191 F.3d 8, 9-10 (1st Cir. 1999).  We agree
with the district judge that Rivera was not a prevailing party in
the 1993 action.  First, it is evident that the purpose of that
action was to pursue Rivera's claim that he was entitled to
$113,864.60.  He lost as to that, and so was hardly a prevailing
party.  Rivera's effort to recoup by claiming that the 1994 award
of $21,488.50 nonetheless means he was a prevailing party is also
unsuccessful.  Rivera contrasts his award with the $10,000 he says
was offered to the Ayala plaintiffs in the 1991 settlement.  But
the $21,488.50 is no more than $10,000 plus interest calculated as  
of the date of the 1991 settlement, and three of the seven
plaintiffs who settled in 1991 similarly received interest on their
$10,000 principal amounts.  Rivera fails to show that he received
anything more than what was available to him in 1991, so the
outcome of the 1993 action cannot be deemed successful.  
Furthermore, the fact that Rivera obtained an enforceable judgment
as opposed to a settlement agreement does not make him a prevailing
party.  Settlement agreements are enforceable in contract.  See
Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82
(1994).  Finally, Rivera's argument that he received an additional
enforceable benefit is belied by the record.  The only judgment he
received was for the sum of money described.
         Rivera also suggests that the administrative law judge's
finding that the USDA discriminated reinforces his claim that he is
a prevailing party.  This "catalyst" argument, however, is
similarly unavailing.  The reality is that it was the Ayala
lawsuit, settled in 1991, which served as a catalyst for the
finding of discrimination, and not his later suit.  To use the
language of the Farrar opinion, it was the Ayala suit that
"modifie[d] the defendant's behavior for the plaintiff's benefit."  
Farrar, 506 U.S. at 113.  Defendants have already paid the counsel
fees for the prevailing plaintiffs in Ayala.  No benefit beyond
that available in 1991 was gained in this lawsuit.  This case
provides no occasion to explore any contours of the catalyst theory
post-Farrar.  See Williams v. Hanover Hous. Auth., 113 F.3d 1294,
1299-1300 (1st Cir. 1997) (finding plaintiff qualified as
prevailing party under catalyst theory); see also Stanton v.
Southern Berkshire Reg'l Sch. Dist., No. 99-1050, 1999 WL 1128856,
at *3 & n.2 (1st Cir. Dec. 14, 1999) (noting that the circuits are
divided on the continuing viability of the catalyst theory).  See
generally 2 Sheldon H. Nahmod, Civil Rights and Civil Liberties
Litigation: The Law of Section 1983 10:10 (4th ed. 1999).  
Finally, because Rivera is not a "prevailing party," we do not
address his arguments about the "special circumstances" test.  
Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).
         The judgment of the district court is affirmed.  Costs to
appellees.

</body>

</html>