**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEITH A. SMALL; ROBERT SMALL,
<u>Plaintiffs-Appellees,</u>

v.

MICHAEL S. DELLIS; MARCELLA

DELLIS; DINING OUT ENTERPRISES,
INCORPORATED, d/b/a Michael's
Restaurant, a Maryland Corporation,
<u>Defendants-Appellants.</u>

No. 99-1068

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Paul W. Grimm, Magistrate Judge.
(CA-96-3190-AMD)

Argued: February 29, 2000

Decided: April 25, 2000

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge,
and Robert E. PAYNE, United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ralph Louis Arnsdorf, SEMMES, BOWEN & SEMMES,
P.C., Towson, Maryland, for Appellants. Andrew David Levy,
BROWN, GOLDSTEIN & LEVY, L.L.P., Baltimore, Maryland, for

Appellees. **ON BRIEF:** Lauren E. Willis, BROWN, GOLDSTEIN & LEVY, L.L.P., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith and Robert Small, two wheelchair users, brought suit against Michael's Restaurant and its owners for violations of the Americans with Disabilities Act (ADA). The district court granted summary judgment to the Smalls on their ADA claims. The parties agreed to resolve the remaining issues concerning attorney's fees and costs before a magistrate judge using simplified procedures and limiting the grounds for appeal. The magistrate judge awarded plaintiffs $54,414 in attorney's fees and costs. Defendants appeal the award, and we affirm the judgment.

I.

The Smalls initiated this action against Michael's Restaurant and its owners Michael and Marcella Dellis. The Smalls alleged that the defendants discriminated against them on the basis of their disability by denying them full and equal enjoyment of the restaurant, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The Smalls also raised state tort claims of assault, battery, and intentional infliction of emotional distress arising from a confrontation between Keith Small and Michael Dellis over the accessibility of restrooms in the restaurant.

Defendants made several attempts to settle the ADA claims. The settlement offers, however, did not include attorney's fees and required the Smalls to dismiss their state law claims. Defendants also served the Smalls with a Fed. R. Civ. P. 68 offer of judgment that

made no reference to an award of attorney's fees and offered plaintiffs only $4,008 for their state law claims. The Smalls rejected the offer. The district court then granted summary judgment to the Smalls on their ADA claims, finding that defendants had violated the ADA by not including a handicapped restroom in the new section of the restaurant and by failing to remove certain architectural barriers. The district court granted summary judgment to the restaurant on the intentional infliction of emotional distress claim.

Following the district court's judgment, the state claims for assault and battery settled for $12,500. The parties also agreed to submit the issue of attorney's fees and costs to Magistrate Judge Paul Grimm. Although the parties initially agreed to arbitrate the dispute before Judge Grimm, magistrate judges may not in their judicial capacity serve as arbitrators. See DDI Seamless Cylinder Int'l, Inc. v. General Fire Extinguisher Corp., 14 F.3d 1163, 1165 (7th Cir. 1994). In light of this fact, the parties agreed instead to simplified procedures. They decided that the magistrate judge would review summary materials and briefings provided by the parties. The parties also agreed that "any appeal will be limited to the grounds which would apply to an appeal from the decision of an arbitrator."

The magistrate judge reviewed the materials and issued a judgment awarding plaintiffs $50,642 in attorney's fees and $3,772 in costs. In a comprehensive opinion, he found that the Smalls were a prevailing party under the ADA and that the award of attorney's fees was appropriate in light of the virtually complete relief granted to the Smalls on their claims. The district court entered judgment for the Smalls. Michael's Restaurant and its owners now appeal.

II.

A.

We review a district court's award of attorney's fees for abuse of discretion. See Trimper v. City of Norfolk, 58 F.3d 68, 73 (4th Cir. 1995). In accordance with their agreement, however, the parties maintain that we should limit our review to the narrow grounds available for review of an arbitration award. A magistrate judge may not serve as an arbitrator, yet there is some authority that parties may proceed

3

before a magistrate judge using simplified procedures. See DDI Seam-less Cylinder, 14 F.3d at 1166. We need not decide the validity of the parties' agreement to proceed in this unorthodox manner because the award of attorney's fees would pass muster under the conventional abuse of discretion standard.

B.

The ADA provides that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205 (1994). This provision is important to enforcement because private individuals cannot recover damages for violations of the ADA unless such relief is requested by the Attorney General. See id. § 12188(b)(2)(B). The attorney's fee provision in the ADA borrows its fee-shifting language from other civil rights statutes, and therefore carries the same underlying policies. See Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10-11 (1st Cir. 1999) (attorney's fee provision in ADA intended to be interpreted consistently with other civil rights laws); accord Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1232 (10th Cir. 1997). Attorney's fees are ordinarily awarded to prevailing civil rights plaintiffs. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).

The district court must make two determinations when considering a claim for attorney's fees under the ADA. First, in order to qualify for attorney's fees, a plaintiff must be a "prevailing party." Plaintiffs are "`prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the bene-fit the parties sought in bringing suit." Id. at 433 (internal quotation marks omitted). Further, "a plaintiff `prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992); see also S-1 & S-2 v. State Bd. of Educ. , 21 F.3d 49, 51 (4th Cir. 1994) (en banc). The Smalls are clearly prevailing parties. The district court found appellants in violation of the ADA. Appellants were thus required to make significant changes to the restaurant in order to accommodate handicapped patrons. The Smalls also recov-ered $12,500 in settlement for their state law claims, a sum signifi-cantly greater than originally offered by appellants.

4

Second, the court must determine whether an award of attorney's fees should be granted to a prevailing party and what amount would be reasonable under the circumstances. The district court has significant discretion in determining the amount of a fee award. "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437. The reasonableness of a fee award relates primarily to the plaintiff's degree of success. See Farrar, 506 U.S. at 114; accord Sheppard v. Riverview Nursing Center, Inc., 88 F.3d 1332, 1336 (4th Cir. 1996). Here the court carefully applied case law to explain why attorney's fees were appropriate. The court also "considered the relationship between the amount of the fee awarded and the results obtained." Hensley, 461 U.S. at 437. It found that the suit directed appellants to maintain their restaurant in strict compliance with the ADA -- clearly a success for the Smalls.

Further, the court considered the Smalls' rejection of settlement offers. See Sheppard, 88 F.3d at 1337 ("[A] court may consider a plaintiff's rejection of a settlement offer as one of several factors generally informing its discretionary inquiry . . . ."). The settlement offers did not include attorney's fees and required the Smalls to dismiss their state law claims. Under the ADA there is a presumption in favor of granting attorney's fees to a prevailing party, and the Smalls were certainly not required to accept an offer without such fees. Similarly, the Rule 68 offer of judgment made no mention of attorney's fees, and offered the Smalls only $4,008, when they eventually recovered $12,500. See Fed. R. Civ. P. 68 (plaintiff is denied post-offer costs only if offer was greater than or equal to the eventual recovery); Marek v. Chesny, 473 U.S. 1, 6 (1985) (costs are a necessary component of a judgment entered under Rule 68). In light of these facts, the magistrate judge correctly found that the rejection of settlement offers did not preclude an award of attorney's fees.

After determining that the Smalls were entitled to attorney's fees, the magistrate judge calculated a reasonable fee by meticulously considering the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion

5

of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See id. at 717-19; Trimper v. City of Norfolk, 58 F.3d 68, 73 (4th Cir. 1995). The magistrate judge considered the factors and discussed them in a manner that we find unexceptionable. In view of the careful analysis undertaken by the magistrate judge, we can find no ground for vacating the award of attorney's fees.

III.

Because the award of attorney's fees to the Smalls was appropriate, we affirm the judgment.

AFFIRMED

6