**IDA G. GARCIA RODRIGUEZ, Plaintiff,**

v.

**PUERTO RICO TELEPHONE CO., Defendant.**

No. Civ. 02–1969JAF.

United States District Court, D. Puerto Rico.

April 14, 2005.

Luis A. Guzman–Dupont, Luis A. Guzman Dupont Law Office El Tunel Car Wash, Sonia Maldonado–Negron, Maldonado Law Office, San Juan, PR, for Plaintiff.

Juan A. Lopez–Conway, Luis F. Del–Valle–Emmanuelli, Garcia & Fernandez, San Juan, PR, for Defendant.

## ORDER

FUSTÉ, Chief Judge.

Plaintiff, Ida G. Garcia Rodriguez, filed the present complaint against Defendant, Puerto Rico Telephone Co. ("PRTC"), alleging age discrimination, gender discrimination, sexual harassment, hostile work environment, and unlawful reprisal in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 20003–17 (2003 & Supp.2004); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1998 & Supp.2004); and various state laws. *Docket Document Nos. 1, 13.* On February 12, 2004, we denied Defendant's September 18, 2002, motion to dismiss. *Docket Document No. 20.* On September 30, 2004, Defendant filed a motion for summary judgment. *Docket Document No. 29.* We granted Defendant's motion on November 23, 2004, finding that while Plaintiff did establish a prima-facie case of discriminatory action, Defendant rebutted the claim by forwarding a legitimate, non-discriminatory, and non-pretextual reason for the adverse employment action. *Docket Document No. 47.* On the basis of our decision, Defendant moves for attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 332. *Docket Document No. 49.*

■ In the United States, the general rule is that, in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 415, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Although under selected statutes, Congress has provided for the prevailing party to obtain attorney's fees, Title VII is "more flexible ... entrusting the effectuation of the statutory policy to the discretion of the district courts." *Id.* at 416, 98 S.Ct. 694. Under § 706(k) of Title VII, a prevailing plaintiff is ordinarily to be awarded attor-

ney's fees in all but special circumstances. *Id.* at 417. However, the considerations for a prevailing defendant are different, and justify a more stringent standard. "[A]ttorney's fees may not be awarded to a prevailing defendant unless there is a 'finding that the plaintiff's action was frivolous, unreasonable, or without foundation' or that 'plaintiff continued to litigate after it clearly became so.'" *Bercovitch v. Baldwin School, Inc.,* 191 F.3d 8, 10 (1st Cir.1999) (quoting *Christiansburg Garment Co.,* 434 U.S. at 421, 98 S.Ct. 694). In civil rights cases, "fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." *Casa Marie Hogar Geriatrico, Inc. v. Rivera–Santos,* 38 F.3d 615, 618 (1st Cir.1994).

■ Section 626(b) of the ADEA takes a similarly circumspect approach in awarding a prevailing defendant attorney's fees. *See Cote v. James River Corp.,* 761 F.2d 60, 61 (1st Cir.1985) (applying *Christiansburg* standard in deciding attorney's fees for prevailing defendant in Title VII and ADEA case); *Tang v. State of R.I., Dep't of Elderly Affairs,* 163 F.3d 7, 13 (1st Cir.1998) (considering Title VII and 42 U.S.C. § 1988 (1999 & Supp.2004) fees under the same standard); *Freeman v. Package Mach. Co.,* 865 F.2d 1331, 1347 (1st Cir.1988) ("Insofar as cost-shifting is concerned, laws such as 29 U.S.C. § 626(b) and 42 U.S.C. § 1988 seem sisters under the skin.").

■ In determining whether to award a prevailing defendant attorney's fees, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.,* 434 U.S. at 421–22, 98 S.Ct. 694.

■ The bare facts of this case present no indication that Plaintiff's suit was groundless. In our summary judgment decision, we found that Plaintiff may have suffered an adverse employment action. *Docket Document No. 47.* We found Defendant's rebuttal convincing, and though we ultimately decided that the inference of discrimination had been dispelled, we are unwilling to conclude that our failure to find in Plaintiff's favor renders her claim frivolous.

As indicated by our opinion, such a determination warranted considerable discussion and a bona-fide analysis of Plaintiff's proffered evidence; while unlikely, a more artful pleading or presentation of evidence may have led this court to a different conclusion. Although Plaintiff's claim was ultimately unsuccessful, it did not fall to the level of frivolousness which would require us to bestow upon her the burden of attorney's fees.

■ Furthermore, even if a plaintiff's suit is groundless when filed, "the district court still retains discretion to deny or reduce fee requests after considering the nuances of a particular case." *Tang,* 163 F.3d at 15; *Adkins v. Briggs & Stratton Corp.,* 159 F.3d 306, 307 (7th Cir.1998) (holding that a court is not required to award attorney's fees to a defendant, and even though attorney's fees may be appropriated, they are not mandatory); *see Bercovitch,* 191 F.3d at 12. A district court may "deny or reduce [the] amount [of attorney's fees] after considering the plaintiff's financial condition." *Andrade v. Jamestown Hous. Auth.,* 82 F.3d 1179, 1193 (1st Cir.1996); *Charves v. W. Union Tel. Co.,* 711 F.2d 462, 465 (1st Cir.1983) (noting that an award of attorney's fees to a prevailing defendant ought consider the plaintiff's financial capacity).

In light of the standards set forth above, we decline to award attorney's fees to De-fendant. Although this court granted Defendant's motion for summary judgment, *Docket Document No. 47,* there is no indication that Plaintiff's claim was frivolous or entirely groundless. Defendant's argument that Plaintiff's case was unreasonable merely because Plaintiff did not establish that Defendant's justification for an adverse employment decision was pretextual is the type of post-hoc reasoning this court must avoid. *Christiansburg Garment Co.,* 434 U.S. at 421–22, 98 S.Ct. 694.

We, therefore, **DENY** Defendant's motion for attorney's fees. *Docket Document No. 49.*

**IT IS SO ORDERED.**