### UNITED STATES of America

v.

### Kristen GILBERT, Defendant.

### No. 98–30044–MAP.

United States District Court,
D. Massachusetts.

Sept. 8, 1999.

William M. Welch, II, Ariane D. Vuono, U.S. Attys. Office, Springfield, MA, for U.S.

David P. Hoose, Katz, Sasson & Hoose, Springfield, MA, Harry L. Miles, Green, Miles, Lipton, White & Fitz–Gibbon, Northampton, MA, for defendant.

## MEMORANDUM AND ORDER WITH REGARD TO GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF DEFENDANT'S NOTICE OF ALIBI (Docket No. 83)

NEIMAN, United States Magistrate Judge.

Before the court is the Government's motion to compel Kristen Gilbert ("Defendant") to produce a notice of alibi pursuant to Fed. R.Crim.P. 12.1(a). Developments since the motion was filed on July 15, 1999 have narrowed the scope of the dispute to certain uncharged conduct in which Defendant is alleged to have engaged. For the reasons set forth below, the Government's motion to compel Defendant to produce a notice of alibi with respect to such uncharged conduct will be denied.

## I. BACKGROUND

The Government first requested notice of Defendant's intention to rely upon an alibi defense on January 19, 1999. (See Gov't's Mot. to Compel Produc. of Def.'s Notice of Alibi ("Gov't's Mot."), Ex. A.) Thereafter, on May 24, 1999, the court issued its Third Interim Scheduling Order which, in applicable part, required Defendant to respond to the Government's request by June 1, 1999. On that date, Defendant filed a certificate of compliance with the court's order. (See Docket No. 74.) Defendant's actual response, however, provided notice only with respect to certain conduct charged in the indictment; otherwise Defendant challenged the Government's demand as "defective." (See Gov't's Mot., Exh. B.) According to Defendant, she was unable to fully respond to the Government's request because "[t]he demand does not specify the alleged defense for which the Government seeks notice" but "merely states certain times and places." (Id.) In addition, Defendant refused to provide a notice of alibi for uncharged conduct. (Id.)

On June 7, 1999, the Government responded with what it describes as a detailed description of the offenses charged in counts one through thirteen of the superseding indictment. (See Gov't's Mot., Ex. C.) At the time it filed the instant motion to compel, the Government reported that Defendant had not yet further responded to its demand.

## II. DISCUSSION

In its motion, the Government seeks two forms of relief. First, the Government requests that Defendant provide written notice of her intention to rely upon an alibi defense as to counts one through thirteen of the superseding indictment. With respect to this request, the Government has since reported to the court that Defendant has satisfactorily complied.

Second, the Government requests that the court order Defendant to provide written notice of her intention to rely upon an alibi defense with respect to certain "uncharged conduct" as set forth in its discovery letter of January 19, 1999. At oral argument, the Government indicated that its request is focused on sub-paragraphs B, C, G, H and I of paragraph 3 of that discovery letter. These sub-paragraphs center on one twenty-five minute period on November 9, 1995, one thirty minute period on November 17, 1995, and three separate twenty minute periods on January 28, 1996.

The court does not believe that the Government's request with respect to what it concedes is "uncharged conduct" (Gov't's Mot. at 2) falls within the rubric of Fed. R.Crim.P. 12.1(a). Rule 12.1(a) provides as follows:

Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve . . .

upon the attorney for the government a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

Neither the references in Rule 12.1(a) to an "alleged offense" or the "defense of alibi" nor the rule's spirit requires Defendant to respond to "uncharged conduct." Defining "offense" beyond the criminal acts charged in the indictment, as the Government seeks, would allow the Government to discover information it is not entitled to and, arguably, border on a violation of Defendant's right to remain silent under the Fifth Amendment to the United States Constitution. Simply put, the Government's suggested interpretation of an "offense" could cause much mischief.

The plain language of Rule 12.1(a) makes clear Congress' intent that a request for alibi information be particular as to the time, date and place of an alleged criminal act and, therefore, that the term "offense" does not include uncharged conduct. "When, as now, the plain language of a [rule] unambiguously reveals its meaning, and the revealed meaning is not eccentric, courts need not consult other aids to ... construction." *United States v. Meade*, 175 F.3d 215, 219 (1st Cir. 1999) (citing *Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469, 474, 139 L.Ed.2d 352 (1997)). "From time to time, however, courts (perhaps manifesting a certain institutional insecurity) employ such secondary sources as a means of confirmation." *Id.* (citing cases). Here, as in *Meade*, "such an exercise removes any lingering doubt." *Id.*

It is clear from the context of the federal rules that "offense" as stated in Rule 12.1(a) is the conduct charged in the indictment. *See* Rule 7(a) ("An *offense* which may be punished by death shall be prosecuted by indictment.") (emphasis added); Rule 7(c)(1) ("The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the *offense* charged.") (emphasis added). The advisory committee's notes to Rule 12.1 simi-

larly assume that the rule is targeted at crimes alleged in the indictment. For example, as the 1975 advisory committee's note explains, once a defendant responds to the Government's demand for notice of an alibi defense, the Government "must then provide the defendant with a list of the witnesses who will place the defendant at the scene of the alleged *crime* and those witnesses who will be used to rebut the defendant's alibi witnesses." (emphasis added). The word "crime" is used similarly in other parts of the note.

Further, as Defendant points out, " 'alibi' means 'that at the time of commission of *crime charged in the indictment*, defendant was at a different place so remote or distant or under such different circumstances that he could not have committed the offense.' " (Def.'s Opp'n and Mem. of Law in Opp'n to Gov't's Mot. for Notice of Alibi to Uncharged Offenses) ("Def.'s Opp'n") at 2 (quoting BLACK'S LAW DICTIONARY (4th ed.) (emphasis added).) Similarly, Defendant reports that the Merriam–Webster On–Line Dictionary defines alibi as "the plea of having been at the time of the commission of an act elsewhere than at the place of commission." (*Id.* at 2–3.) Clearly, a "plea" is made to a charged, not an uncharged, offense. *See generally* Fed.R.Crim.P. 11.

Defendant also points out that, although the word "alibi" first originated in 1743, (Def.'s Opp'n at 3 (citing Merriam–Webster On–Line Dictionary)), she found references to "the alibi exception" in 2 Pollack & Maitland, *The History of English Law Before the Time of Edward I* at 614–615, 618 (2nd ed.1952). Thus, Defendant maintains, even in the time before Edward I, the alibi was an *exception* to the plea, "I am not guilty," that is, a plea to a charged offense. (Def.'s Opp'n at 3.) As the First Circuit recently noted in a different context, quoting Felix Frankfurter, " 'if a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it.' " *Bercovitch v. Baldwin School, Inc.*, 191 F.3d 8, 11 (1st Cir.1999) (quoting Felix Frankfurter, *Some Reflections on the*

*Reading of Statutes,* 47 Colum.L.Rev. 527, 537 (1947)).

The Government's attempt to squeeze into Rule 12.1(a) possible Rule 404(b) evidence or aggravating factors alleged in its Notice of Intention to Seek the Death Penalty would expand the rule beyond its breaking point. In the court's opinion the underlying purpose of the rule—"to prevent unfair surprise to the prosecution," 1975 advisory committee's note—does not apply to evidence of prior bad acts or aggravating factors for which the Government bears the burden of proof. The Government itself is unable to provide any case law in support of its expanded definition. Those cases in the First Circuit which discuss a defendant's obligation to give notice of an alibi defense confine themselves to an alibi to a crime charged in an indictment. *See, e.g., United States v. Portela,* 167 F.3d 687 (1st Cir.1999); *United States v. Levy–Cordero,* 156 F.3d 244 (1st Cir.1998); *United States v. Levy–Cordero,* 67 F.3d 1002 (1st Cir.1995); *United States v. De la Cruz–Paulino,* 61 F.3d 986 (1st Cir.1995); *Bowling v. Vose,* 3 F.3d 559 (1st Cir.1993); *United States v. Quesada–Bonilla,* 952 F.2d 597 (1st Cir.1991).

The Government acknowledges that none of the time periods referenced in the applicable sub-paragraphs of its January 19, 1999 discovery letter involves conduct charged in the indictment itself. Thus, as Defendant argues, the Government seeks information from Defendant for conduct which may never have been presented to the grand jury or, even worse, presented and rejected. Obviously, Defendant has not had to enter a plea with regard to such uncharged conduct and has the right to remain silent with respect thereto. If individuals in Defendant's position had to provide an "alibi" for all such behavior in which they engaged, the Government would be able to obtain discovery well beyond its rights under Rule 12.1(a).

### III. *CONCLUSION*

To the extent that Defendant has complied with the Government's motion as to charged conduct, it is ALLOWED. In all other respects, the Government's motion is DENIED.