UNITED STATES of America

v.

Richard DUCRAN, Defendant.

Criminal No. 09–30002–MAP.

United States District Court,
D. Massachusetts.

July 14, 2009.

Steven H. Breslow, Michelle L. Dineen Jerrett, United States Attorney's Office, Springfield, MA, for United States of America.

Joan M. Williams, Northampton, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO GOVERNMENT'S MOTION TO COMPEL NOTICE BY DEFENDANT OF ALIBI (Docket No. 24)*

NEIMAN, United States Magistrate Judge.

Before the court is the Government's motion to compel Richard Ducran ("Defendant"), pursuant to Fed.R.Crim.P. 12.1(a), to produce a notice of alibi as to certain uncharged conduct in which Defendant is alleged to have engaged. In pursuing this motion, the Government is well aware of this court's decision in *United States v. Gilbert,* 188 F.R.D. 176 (D.Mass.1999), which denied a similar request, but asserts that the circumstances in the instant matter are distinguishable. The court has considered the Government's arguments and is not persuaded. Accordingly, the Government's motion will be denied.

## I. BACKGROUND

Defendant has been charged, by indictment, with a felony punishable by more than one year in prison, *i.e.,* a violation of 18 U.S.C. § 2113(a) and (d) with respect to an attempted robbery of the Bank of Western Massachusetts in Holyoke on May 3, 2008. The Government also believes that Defendant participated in armed robberies of three other banks and intends to offer evidence thereof at Defendant's trial pursuant to Fed.R.Evid. 404(b). Such evidence, the Government asserts, includes surveillance footage, the testimony of a cooperating individual, photo array identification, and telephone and bank records. This same evidence, the Government states, has been provided to Defendant. Presently at issue is the Government's request to compel notice of alibi with respect to the three uncharged robberies. In light of the court's decision in

*Gilbert,* Defendant has declined to give such notice.[1]

## II. DISCUSSION

As was true in *Gilbert,* the court does not believe that the Government's request with respect to what it acknowledges is "uncharged conduct" falls within the rubric of Fed.R.Crim.P. 12.1(a), even as amended in 2002. Rule 12.1(a) provides essentially as it did in *Gilbert*:

> (1) Government's Request. An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense.

> (2) Defendant's Response. Within 10 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state:

> > (A) each specific place where the defendant claims to have been at the time of the alleged offense; and

> > (B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

Thus, neither the references in Rule 12.1(a) to an "alleged offense" or an "intended alibi defense" nor the rule's spirit requires Defendant to respond to "uncharged conduct." As stated in *Gilbert,* "[d]efining 'offense' beyond the criminal acts charged in the indictment, as the Government seeks, would allow the Government to discover information it is not entitled to and, arguably, border on a violation of Defendant's right to remain silent under the Fifth Amendment to the United States Constitution." *Id.,* 188 F.R.D. at 178. "Simply put, the Government's suggested interpretation of an 'offense' could cause much mischief." *Id.*

To begin with, the court's legal exposition in *Gilbert* has equal resonance now:

> The plain language of Rule 12.1(a) makes clear Congress' intent that a request for alibi information be particular as to the time, date and place of an alleged criminal act and, therefore, that the term "offense" does not include uncharged conduct. "When, as now, the plain language of a [rule] unambiguously reveals its meaning, and the revealed meaning is not eccentric, courts need not consult other aids to ... construction." *United States v. Meade,* 175 F.3d 215, 219 (1st Cir.1999) (citing *Salinas v. United States,* 522 U.S. 52, [57–58], 118 S.Ct. 469, 139 L.Ed.2d 352 (1997)). "From time to time, however, courts (perhaps manifesting a certain institutional insecurity) employ such secondary sources as a means of confirmation." *Id.* (citing cases). Here, as in *Meade,* "such an exercise removes any lingering doubt." *Id.*

It is clear from the context of the federal rules that "offense" as stated in Rule 12.1(a) is the conduct charged in the indictment. *See* Rule 7(a)[ (1)(B) ("An *offense* ... must be prosecuted by an indictment if it is punishable ... by imprisonment for more than one year.") ] (emphasis added); Rule 7(c)(1) [ ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the *offense* charged.") ] (emphasis

---

1. While the Government's formal request for notice of alibi appears to concern only one of the uncharged robberies, the Government made known at a status conference that it was seeking such notice with regard to each of the uncharged offenses and its motion reflects that position. The court, therefore, has treated the Government's request as applying to all three uncharged robberies.

added). The advisory committee's notes to Rule 12.1 similarly assume that the rule is targeted at crimes alleged in the indictment. For example, as the 1975 advisory committee's note explains, once a defendant responds to the Government's demand for notice of an alibi defense, the Government "must then provide the defendant with a list of the witnesses who will place the defendant at the scene of the alleged *crime* and those witnesses who will be used to rebut the defendant's alibi witnesses." (emphasis added). The word "crime" is used similarly in other parts of the note.

Further, ... "alibi' means 'that at the time of commission of *crime charged in the indictment*, defendant was at a different place so remote or distant or under such different circumstances that he could not have committed the offense.'" (Def.'s Opp'n and Mem. of Law in Opp'n to Gov't's Mot. for Notice of Alibi to Uncharged Offenses ("Def.s Opp'n") at 2 (quoting BLACK'S LAW DICTIONARY) (4th ed.) (emphasis added).) The Merriam–Webster On–Line Dictionary similarly defines alibi as "the plea of having been at the time of the commission of an act elsewhere than at the place of commission." (*Id.* at 2–3.) Clearly, a "plea" is made to a charged, not an uncharged, offense. *See generally* Fed.R.Crim.P. 11.

... [A]lso ..., although the word "alibi" first originated in 1743, (Def.'s Opp'n at 3 (citing Merriam–Webster On–Line Dictionary)), ... references to "the alibi exception" [can be found] in 2 Pollack & Maitland, *The History of English Law Before the Time of Edward I* at 614–615, 618 (2nd ed. 1952). Thus, ... even in the time before Edward I, the alibi was an *exception* to the plea, "I am not guilty," that is, a plea to a charged offense. (Def.'s Opp'n at 3.) As the First Circuit noted in a different con-

text, quoting Felix Frankfurter, "'if a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it.'" *Bercovitch v. Baldwin School, Inc.,* 191 F.3d 8, 11 (1st Cir.1999) (quoting Felix Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum. L. Rev. 527, 537 (1947)).

*Gilbert,* 188 F.R.D. at 178–79 (alterations added). *Cf. State v. Horenberger,* 119 Wis.2d 237, 349 N.W.2d 692, 693 (1984) (notice of alibi pursuant to state statute did not require defendant to disclose whereabouts at the time of the planning of an armed robbery because the planning stage was not charged as a crime).

The Government takes no issues with these legal principles. Nonetheless, the Government claims that the instant matter is distinguishable from *Gilbert.* For example, the Government argues that it has provided Defendant extensive discovery relating to the three robberies, including the date, time and place where they occurred. "If the defendant is permitted to withhold information respecting an alibi for the three uncharged robberies, and attempts at trial to introduce such evidence," the Government asserts, "the government likely would need additional time to conduct further investigation, resulting in a potential delay in trial and ultimately the administration of justice in this case." (Gov't's Mot. to Compel Notice by Def. of Alibi Evidence ¶ 13.) The Government also argues that Defendant's Fifth Amendment protections, with which the court was concerned in *Gilbert,* would not be jeopardized since Defendant would not be compelled to offer an alibi defense at trial. The court is not persuaded.

First, the court is unaware whether any evidence of these three additional robberies, as they may relate to Defendant, has

ever been presented to a grand jury or, worse, presented and rejected. Obviously, Defendant has not had to enter a plea with regard to such uncharged conduct and has the right to remain silent with respect thereto. If individuals in Defendant's position had to provide an alibi for all wrongs or acts in which they may have engaged, the Government would be able to obtain discovery well beyond its rights under Rule 12.1(a).

Second, it is not at all certain that the Government's 404(b) evidence will even be entered into evidence at Defendant's trial. Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts" may be admissible for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Pursuant to the rule itself, however, such evidence "is not admissible to prove the character of a person in order to show action in conformity therewith." *Id.* And while such evidence may be admitted for the other purposes delineated, the trial court must first determine if the evidence has some "special" probative value. *United States v. Morris*, 700 F.2d 427, 431 (1st Cir.1983). This test combines the requirements of Rule 404(b) with the balancing test of Rule 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the damage of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. *See United States v. Oppon*, 863 F.2d 141, 146 (1st Cir.1988). Accordingly, the Government's attempt to obtain a notice of alibi with respect to such 404(b) evidence, while possibly admissible, *see United States v. Guerrero*, 524 F.3d 5, 14 (1st Cir.2008); *United States v. Martinez–Cintron*, 136

F.Supp.2d 14, 17 (D.P.R.2001), is still speculative.

Third, it is hard to imagine how the Government would be prejudiced if its motion is denied. Were Defendant to offer evidence of an alibi with respect to the uncharged offenses, as the Government seeks, the Government would be obligated, in turn, to provide information with respect to each witness the Government intends to rely on to establish Defendant's presence at the scene of the alleged offenses and each Government rebuttal witness to Defendant's alibi defense. *See* Fed.R.Crim.P. 12.1(b)(1). *See generally Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) (discussing reciprocity issues in matters of discovery of alibi evidence). Here, it appears, the Government claims that it already has enough to rebut any "alibis" which place Defendant away from the scenes of the uncharged crimes.

Fourth, given the fact that "[t]he only matters required to be specially pleaded by a defendant are notice of alibi, [Rule] 12.1, or of intent to rely on insanity, as a defense, [Rule] 12.2," *Mathews v. United States*, 485 U.S. 58, 65, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), the logical, or perhaps illogical, extension of the Government's present argument in that a defendant would also have to give notice of a defense of insanity to the uncharged "alleged offense" as well. This, of course, would spawn unwanted mini-trials within the trial for the charged offense.

In sum, "the Government's attempt to squeeze into Rule 12.1(a) possible Rule 404(b) evidence ... would expand the rule beyond its breaking point." *Gilbert*, 188 F.R.D. at 179. In the court's opinion, "the underlying purpose of the rule—'to prevent unfair surprise to the prosecution,' 1975 advisory committee's note—does not apply to evidence of prior bad acts ... for

which the Government bears the burden of proof." *Id.* Indeed, as was true in *Gilbert,* "[t]he Government itself is unable to provide any case law in support of its expanded definition" and "cases in the First Circuit which discuss a defendant's obligation to give notice of an alibi defense have concerned only crimes charged in an indictment." *Id.* (citing, e.g., *United States v. Portela,* 167 F.3d 687 (1st Cir.1999); *United States v. Levy–Cordero,* 156 F.3d 244 (1st Cir.1998); *United States v. Levy–Cordero,* 67 F.3d 1002 (1st Cir.1995); *United States v. de la Cruz–Paulino,* 61 F.3d 986 (1st Cir.1995); *Bowling v. Vose,* 3 F.3d 559 (1st Cir.1993); *United States v. Quesada–Bonilla,* 952 F.2d 597 (1st Cir. 1991)). That has remained true since *Gilbert* was decided. *See, e.g., United States v. Llinas,* 373 F.3d 26 (1st Cir.2004); *United States v. Nelson–Rodriguez,* 319 F.3d 12 (1st Cir.2003).

### III. CONCLUSION

For the reasons stated, the Government's motion is DENIED.